Goodwin and another v. Burney and Husband.

DUNCAN C. GOODWIN and another *v.* URANIE BURNEY and Husband.

Where plaintiff sues for the amount of an open account, less than three hundred dollars, he cannot give jurisdiction to the Supreme Court by claiming conventional interest from a particular period, where there was no agreement to pay it.

Where the amount really in dispute is under three hundred dollars, the appeal must be dismissed, though at the instance of the party who, by a fictitious claim for interest, attempted to bring the case within the jurisdiction of the Supreme Court.

APPEAL from the District Court of Rapides, *King,* J.

*W. B. Hyman,* for the plaintiffs.

*M. Ryan,* for the appellants.

SIMON, J. The plaintiffs and appellees have moved to dismiss this appeal upon two grounds, one of which, we think, must prevail, to wit : that the amount in dispute does not give this court jurisdiction, as the sum, *bona fide* claimed, is less than three hundred dollars.

This suit is brought to recover the sum of $294 32, stated to be due upon an open, detailed account of goods and merchandize, alleged to have been sold and furnished to the defendants. The account is filed with the petition ; but the petition contains a prayer for interest at the rate of ten per cent per annum, from a certain period until paid, without its being shown why and by virtue of what agreement said interest is claimed. There is no allegation that the defendants ever promised in writing, or otherwise, to pay that interest. The interrogatories propounded by the plaintiffs to the defendants to prove the account, make no mention of any contract to pay interest ; and it seems to us, that from the face of the record, the prayer for interest cannot be serious, as there was neither proof of the same, nor even any attempt made to establish the claim. It is clear, that the object of the plaintiffs, by adding to their demand a prayer for interest, was to bring this case within our jurisdiction. Indeed, they confess it in their motion to dismiss this appeal.

Although the motion to dismiss is made by the very party, who by a fictitious and imaginary claim for interest tacked upon his real demand, attempted to put this case within our jurisdiction,

in violation of the constitution, we feel bound, in respect to that constitution, to sustain it, and to keep ourselves within the limited powers conferred upon us by the supreme law of the land. But we cannot forbear expressing our great dissatisfaction at the unlawful conduct of a party, who, in order to take advantage of his own wrong, confesses before us, that he has been guilty of having derogated from the respect due to the courts of justice of his country.

In conformity, however, with our former decisions, (16 La. 183, 17 La. 103,) the appellees' motion must prevail.

*Appeal dismissed.*